UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-60895-STRAUSS

**JAKENIA MONIQUE DRUMMER,**

    Plaintiff,

v.

**GEO SECURE SERVICES, LLC,**

    Defendant.
_____/

## ORDER

**THIS MATTER** came before the Court upon the parties' Joint Motion for Order Confirming Arbitration Award and Dismissal with Prejudice [DE 25] (the "Motion"). Although the parties cite general authorities regarding the process for this Court to confirm the results of arbitration, the parties do not address the unique role of the Court in supervising settlements under the Fair Labor Standards Act ("FLSA"). Accordingly, and for the reasons described below, the Motion is **DENIED without prejudice**.

Plaintiff filed a one-count complaint against Defendant on May 27, 2024, alleging Defendant violated the FLSA's requirements. [DE 1]. An arbitration agreement supposedly covered the dispute, so on July 10, 2024, the parties filed a joint motion to stay the action pending arbitration. [DE 14]. This Court granted the motion to stay. [DE 15]. Later, the parties filed the instant Motion. [DE 25]. According to the Motion, the parties settled Plaintiff's claims against Defendant and filed a joint motion for approval of their settlement agreement with the arbitrator, who, upon review of the settlement agreement, determined that it represented a fair and reasonable compromise of Plaintiff's claims under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350

(11th Cir. 1982). [DE 25] at 2. The arbitrator approved the parties' settlement, and the Motion seeks an order from this Court approving the arbitrator's result. *Id.* at 3, 5.

FLSA claims are arbitrable. *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1334 (11th Cir. 2014). Generally, "[a] federal court's review of an arbitration award is highly deferential and extremely limited." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1271 (11th Cir. 2015).

However, "[t]here needs to be federal judicial review of any FLSA settlement when the parties seek the court's approval." *Latture v. 101-109 Cafe Inc.*, 645 F. Supp. 3d 126, 128 (E.D.N.Y. 2022); *Moore v. Universal Prot. Serv., LP*, No. EDCV192124JGBSPX, 2022 WL 494380, at *3 (C.D. Cal. Jan. 21, 2022) ("While Plaintiffs cite authority regarding the Court's general authority to confirm an arbitration award, they fail to address the Court's duty to supervise settlement agreements under the FLSA."); *see also De Pombo v. IRINOX N. Am., Inc.*, No. 20-CV-20533, 2020 WL 2526499, at *10 (S.D. Fla. May 18, 2020) (finding a stay of an FLSA case pending submission to arbitration more appropriate than dismissal "because a settlement of FLSA claims would appear to require judicial supervision" (quoting *Downey v. Robert W. Baird & Co. Inc.*, No. 6:07-cv-1180-Orl-31DAB, 2007 WL 2729578, at *2 (M.D. Fla. Sept. 18, 2007))).

Binding precedent on this Court holds that an FLSA case may be settled in "only two ways": if (1) the Secretary of Labor supervises payment to the employee, or (2) a federal district court enters a stipulated judgment after it scrutinizes the settlement for fairness. *Lynn's Food Stores*, 679 F.2d at 1352-53, 1355. For a district court to fulfill its duty under the second method, it cannot reflexively "rubber stamp" an FLSA settlement agreement that it knows nothing about. *Latture*, 645 F. Supp. 3d at 128; *Moore*, 2022 WL 494380, at *3 ("While Plaintiffs submit the

Arbitration Order, which attests to the reasonableness and fairness of the arbitration award, the arbitrator's decision alone is insufficient."); *see Colvin v. MUY Pizza Se. LLC*, No. 16CV646, 2017 WL 11629338, at *1 (N.D. Fla. Aug. 4, 2017) (ruling on joint motion for confirmation of arbitral award only after parties filed FLSA settlement agreement so court could do fairness review under *Lynn's Food Stores*).

Here, the record does not contain sufficient information for this Court to fulfill its supervisory obligations under *Lynn's Food Stores*, so the Motion is denied without prejudice. While the merits of the FLSA claim at issue in this case were certainly arbitrable, *Lynn's Food Stores* makes clear that claims under the FLSA can be settled or compromised in *only* two ways. *See* 679 F.2d at 1352-53. A fairness review by an arbitrator—followed by a reflexive approval by a district court—is not one of them. *See id.* Instead, "the Court may only confirm the arbitration award if it represents a fair and reasonable resolution of a bona fide dispute." *Moore*, 2022 WL 494380, at *3 (citation modified). Thus, the parties must provide the documents necessary for this Court to conduct a fairness review under *Lynn's Food Stores*, as this Court is required to do.

Accordingly, it is **ORDERED and ADJUDGED** that:

1. The Motion [DE 25] is **DENIED without prejudice**.

2. No later than **November 10, 2025**, the parties may renew the Motion, attaching the FLSA settlement agreement, Plaintiff's counsel's billing records, and a copy of the arbitrator's order approving settlement as exhibits.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of October 2025.

Jared M. Strauss
United States Magistrate Judge